*Francis T. Hord*, for the appellees.

STEPHENS and Others *v.* BENSON.

The case of *Snowden et al.* v. *Wilas et al.*, in this volume, followed.

Suit for overflowing land. The defendant answered, setting up an unsealed and unacknowledged, but signed and recorded, contract in writing, made between the plaintiff's grantor and others, and the defendants, as follows: " Whereas, A, B, and C, contemplate erecting a dam across the *Tippecanoe river*, about six miles below *Winnemac*, near B's, on, etc., in section 9, etc., and contemplate the erection of mills below said dam, to the hight of six feet; and whereas, we, the occupants and owners of lands adjoining and contiguous to said proposed dam, and to the river above said dam, likely to be affected by back-water from said project, and erection of such proposed mills, of public utility; therefore, to encourage the said A, B, and C, in such undertaking, we do hereby assent and agree, that said men, or any of them, or their substitutes, or assigns, or heirs, may erect such dam, to the hight aforesaid, and for ourselves, and heirs, and assigns, do waive and release all damages that may ensue from the erection of such dam, and from back-water caused by the dam;" and further averred, that, under it, the dam and mills, costing thirteen thousand dollars, were erected; that one thousand dollars had been expended on the dam at the

time the plaintiff purchased the land; that he had notice, and stood by and saw said expenditures, and paid one thousand five hundred dollars, etc., of said purchase money, after said work was completed, etc.

*Held*, that said answer set up a good bar to the action.

APPEAL from the *Pulaski* Circuit Court.

HANNA, J.—Suit for overflowing lands by the erection of a mill-dam.

*Answer.* Setting up an unsealed, unacknowledged, but signed and recorded instrument in writing, made by *Hall*, the grantor of *Benson*, the plaintiff, as follows:

" Whereas, *John Stephens, James C. Shultz*, and *Don. Short*, contemplate erecting a dam across the *Tippecanoe river*, about six miles below *Winnemac*, near *Esquire Brown's*, on lots Nos. 3 and 6, in section 9, township 29, north, of R. 2, west, and contemplate the erection of mills below said dam, to the hight of six feet; and whereas, we, the undersigned, the occupants and owners of lands adjoining and contiguous to said proposed dam, and to the river above said dam, likely to be affected by back-water from said project, and erection of such proposed mills, of public utility, therefore, to encourage the said *Stephens, Shultz*, and *Short*, in such undertaking, we do hereby assent and agree, that these gentlemen, or any of them, or their substitutes, or assigns, or heirs, may erect such dam to the hight aforesaid, (six feet,) and for ourselves, and heirs, and assigns, do waive and release all damages that may ensue from the erection of such dam, and from back-water caused by the same.   Nov. 22, 1849."

It is averred that, under it, the dam and mills, costing thirteen thousand dollars, were erected; that one thousand dollars of said expense had been incurred on said dam, at the time the plaintiff purchased of *Hall;* that he had notice, and stood by and saw said expenditures, and paid fifteen

Stephens and Others *v.* Benson.

hundred dollars, etc., of said purchase money, after said work was completed, etc.

A demurrer was sustained to this answer, which ruling raised the only point presented in the case.

It is urged, that the instrument set out is a direct, positive grant of an incorporeal hereditament, and operative, under the statute of March 1, 1855, and that of December 23, 1858, notwithstanding that of and concerning real property; 1 R. S., p. 233; as between the parties, and their privies by blood or purchase.

The instrument is not a grant, but is more in the form of a license to do certain things, which might affect the interest of the person giving said license.

The next question is, whether, in view of the statute requiring the conveyance of land, or any interest therein, to be by deed, acknowledged, etc., the writing herein is void, or otherwise, as against the grantees of said land. Perhaps the instrument was intended to possess the persons, therein named, of an interest in said lands; let it be termed a servitude, an easement, or an incorporeal hereditament, it matters not which. It was intended to give the right to flow the said lands, if the erection of the dam would do so. It is sufficiently shown in the answer, that the defendants expended money, upon the faith of said license, with the knowledge of said plaintiff, to bring this case within the reasoning in that of *Snowden et al.* v. *Wilds et al.*, at this term: and for said reasons it is reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*D. D. Pratt*, for the appellants.