No. 8975.

NOWLIN v. WHIPPLE.

79 481
146 253

EASEMENT.—*Private Way.*—*Parol Grant.*—A parol grant of a private way, upon a valuable consideration, where the grant is followed by the grantee's occupation and use of the way for sixteen years, can not be revoked by the grantor or by one claiming under him, upon the ground that the grant rested in parol, or that the way had not been marked out or designated in writing.

PRACTICE.—*Uncertainty in Pleading.*—Uncertainty in the allegations of a pleading can not be reached by a demurrer for the want of facts, but only by motion to make more specific.

SAME.—*Prayer for Relief.*—*Demurrer.*—A complaint will not be held bad on demurrer for the want of facts, if the facts stated show that the plaintiff is entitled to some relief, though it may be different from the relief demanded. A prayer for relief is not the subject of demurrer.

From the Dearborn Circuit Court.

*F. Adkinson* and *G. M. Roberts,* for appellant.

*O. B. Liddell* and *W. H. Dowdell,* for appellee.

HOWK, J.—The only question presented for decision in this case is this: Did the circuit court err in overruling the appellant's demurrer to appellee's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action?

In his complaint the appellee alleged, in substance, that he was the owner of a certain tract of land, particularly described, in Dearborn county, containing eleven and one-half acres; that the appellant was the owner of a certain other tract of land, particularly described, in said county, containing seventy-two acres; that appellee's said tract of land was set off to him, as one of the parties in a certain suit for partition, wherein Ann M. Case and others were plaintiffs and Jeremiah Nowlin was defendant, in the court of common pleas of Dearborn county, commenced on the 18th day of January, 1862, as would be seen by reference to the records of said cause then in said court; that the appellant's said tract of land was, in

Nowlin v. Whipple.

the same partition suit, set off to said Jeremiah Nowlin, the
defendant therein; that the said Jeremiah had since died, and
was the father of the appellant, who derived his title to said
land by descent from said Jeremiah, in the division of his
lands among his heirs, and the appellant having no other or
greater title to his said land than the said Jeremiah had; that,
on the —— day of ——, 1874, the said Jeremiah Nowlin
died; that, in said partition suit, the commissioners for that
purpose, under the direction of the court, made partition of
said lands, as would be seen by reference to the record in said
case; that the appellee had for many years resided with his
father on a certain other tract of land in said county, south-
west of the said tract of land belonging to appellee, and be-
tween his residence and his tract of land was a highway lead-
ing from Georgetown to Guilford in said county; that when
the commissioners were on said lands, dividing the same among
the owners thereof, the appellee, then a minor, and his father,
as his next friend, and the said Jeremiah Nowlin being there
present, the commissioners stated to said Jeremiah that they
were about to set off to appellee, as a part or all of his share,
the portion of the tract, subsequently assigned to said Jere-
miah, lying south of the appellee's said tract, and which was
bounded on the east by the Lawrenceburgh and Brookville
highway, on the south by said Georgetown and Guilford road,
and on the north by the appellee's said tract; that on the tract,
which the commissioners were about to set off to appellee at
that time, were a barn and out-buildings which were near to
appellee's residence and were very convenient for his use; that
the said Jeremiah Nowlin, having a large tract of adjacent
land, wanted said barn and out-buildings for his use and to
have a free right of way over and across said land from the
Lawrenceburgh and Brookville road; that the said Jeremiah
then and there agreed with the appellee and with his father as
his next friend, that if he and his next friend would consent.
and agree and suggest to said commissioners that they should
set off to appellee the tract of land that was set off to him, instead

of the tract they were about to set off to him, he, the said Jeremiah, in consideration of the advantages he would derive in obtaining said barn and out-buildings and said free right of way, would allow the appellee and his father, forever, full and free right of way over and across said tract of land that was about to be set off to appellee, from said Georgetown and Guilford road northwardly to the tract of land so set off to appellee, if the appellee would put up two gates, one at each end of said right of way so agreed upon.

And the appellee said that, relying upon said agreement of said Jeremiah Nowlin, he, by his next friend, consented that said lands should be divided as said Nowlin wished and to his advantage, and, as soon as the partition was confirmed, the appellee constructed bars and afterwards gates, and for more than sixteen years, and until within three weeks of the commencement of this suit, he maintained said gates and bars, and, in accordance with said Nowlin's agreement, he used said right of way during all said time; that, within the last three weeks, the appellant had taken down said gates and posts by force and removed the same, and had built a fence across said right of way, and a strong fence in said way the full length thereof; that at the time the appellant became owner of said land, he had knowledge of his father's agreement; that the said private way was then stopped up, by the fence built therein its full length, a distance of twenty-five or thirty rods, and that the appellee would suffer irreparable damages, giving the particulars thereof, from such stoppage of his private way.

Wherefore the appellee asked for a temporary restraining order, and, on final hearing, for a perpetual injunction, to prevent the appellant from stopping up said private way, and for damages in the sum of one hundred dollars, and for general relief.

The first objection, urged by appellant's counsel to the complaint, is, that it does not allege that the commissioners, in the partition suit, in any way marked or designated the pri-

vate way in controversy. It is true, that the complaint contains no such allegation, and, if it were necessary that it should allege such fact, then it must be conceded, that the complaint was bad. But we do not think that such allegation was necessary to the sufficiency of the complaint. It was alleged in the complaint, that the appellant's ancestor, under whom he held title, had given the appellee a private way over certain real estate, upon certain valuable considerations, and that the appellee had entered upon and used such private way for sixteen years, without objection or hindrance of the appellant or his ancestor. Even if the grant of such private way had rested wholly in parol, the appellee's entry upon and user of such way for so many years would so mark and designate the same as to prevent the appellant from revoking the license therefor and obstructing the way, upon the ground merely that the license or grant was a verbal one. Thus, in *Hodgson* v. *Jeffries*, 52 Ind. 334, it was held by this court, in substance, that a license by the owner of land to the owner of adjoining land, to construct and use perpetually a ditch over the former's land, for the purpose of draining the latter's land, might be verbal, and that, upon the construction and continued use of the ditch, such license would be irrevocable by the former's grantee, though unforeseen injuries might result to the former or his grantee, from the construction and use of such ditch. Upon the point under consideration, in the case at bar, we can see no difference in principle between a license for a private ditch and a license for a private way. The appellant's first objection to the complaint, therefore, is not well taken. Washb. on Easements, pp. 8 to 39.

The next objection to the complaint is, that its allegations as to the private way are indefinite and uncertain. This objection, if it existed, was not reached by the demurrer to the complaint. Such an objection can only be reached by a motion to make more certain and specific. *The Pennsylvania Co.* v. *Sedwick,* 59 Ind. 336.

The only other objection urged to the complaint is, that it does not show such irreparable injuries to the appellee, as would entitle him to a perpetual injunction. As the question is presented here, it is immaterial perhaps, whether the complaint stated a case for an injunction or not, as it certainly showed such a trespass as entitled the appellee to damages, and in such a case the demurrer to the complaint was correctly overruled, whether the appellee was or was not entitled to all the relief demanded. As a general rule, it may be said with certainty, we think, that a complaint will not be held bad on a demurrer thereto for the want of facts, merely because wrong relief or greater relief than the plaintiff is entitled to may have been demanded. Objections to the prayer for relief can not be reached by a demurrer to the complaint for the want of sufficient facts. *Mark* v. *Murphy*, 76 Ind. 534.

In the case at bar, the complaint showed by the facts alleged, if sustained by the evidence, a proper case for a perpetual injunction.

The demurrer to the complaint was correctly overruled.

The judgment is affirmed, at the appellant's costs.