No. 10,441.

THE FRANKLIN LIFE INSURANCE COMPANY v. DEHORITY.

PLEADING.—*Answer.*—An answer filed to the entire complaint, but only answering a part thereof, is bad on demurrer.

From the Madison Circuit Court.

*H. J. Milligan*, for appellant.

*J. W. Sansberry*, *M. A. Chipman* and *J. W. Sansberry, Jr.*, for appellee.

FRANKLIN, C.—Appellee, Dehority, commenced this suit against appellant and various other judgment creditors of one

Samuel Richwine, to have certain records restored that had been destroyed by fire, and to quiet his title to 240 acres of land. Appellant filed an answer, and all the other defendants were defaulted. The plaintiff demurred to appellant's answer, which demurrer was sustained. Appellant declined to answer further, and judgment was rendered for the plaintiff.

The errors assigned are, sustaining the demurrer to the answer, and " that the complaint fails to state a, cause of action." We think the complaint will withstand objections raised for the first time on appeal. The ruling upon the demurrer is the only other question presented.

The answer professes to answer the whole complaint, and is filed as such, but only claims a lien for $110 upon the inchoate interest of the wife in 40 acres of the land claimed by the plaintiff. The land was sold four or five times by the sheriff, and redeemed by successive judgment creditors. It was all finally sold by the sheriff to the plaintiff, on the 14th day of July, 1880, for the sum of $1,804.16, enough to pay off, and which did pay, all the judgments and redemption liens, including appellant's judgment, except the lien of a decree of foreclosure of a mortgage executed by Richwine and wife on the 14th day of February, 1878, upon 40 acres of said land to one Hunt. Hunt had purchased this on his decree of foreclosure for $91.90, leaving a balance unpaid of his decree of near $500. On the 12th day of July, 1880, two days before the sheriff's said sale of all the lands to appellee, appellant, by virtue of having a junior judgment against Richwine, redeemed the 40 acres from the said Hunt sale, it then having an unlevied execution upon its judgment in the hands of the sheriff, which execution was paid out of the proceeds of said sale to appellee.

A part of the judgments upon which the lands were sold to appellee were older than the mortgage; and on the 14th day of May, 1879, after the execution of the mortgage, Richwine and wife conveyed all of said lands to appellee. This answer of the appellant, claiming only a lien upon the wife's interest

in the 40 acres mortgaged, for the redemption money from the sale on the foreclosure decree, does not answer the whole complaint, and is insufficient for that reason. *Hancock* v. *Fleming*, 85 Ind. 571.

There is no available error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed.