Messick *v.* The Midland Railway Company.

## No. 14,779.

## MESSICK *v.* THE MIDLAND RAILWAY COMPANY.

EASEMENT.—*Parol License.— When Irrevocable.*—A naked parol license to enjoy an easement over land is revocable by the licensor at any time while it remains executory, but an executed parol license to use another's land, granted upon a consideration, or upon the faith of which money has been expended, can not be revoked.

QUIETING TITLE.—*Insufficiency of Answer Setting up an Easement.*—In an action to quiet title, an answer which, without denying plaintiff's title, sets up an easement in the land as a full defence to the action, is demurrable.

SAME.—*Railroad.—Easement.—Directing Verdict.*—In a suit against a railroad company to quiet title, where it was a material question whether the company had a valid easement in the land, depending upon whether the entry upon said land by the company and the construction of the roadway were with the knowledge and consent of the owner, and the owner testified that he objected to and protested against the entry, which statement was not denied by the defendant, it was error in the court to take the case from the jury and direct a verdict for the company.

PRACTICE.—*Overruling Demurrer to Bad Answer.*—Sustaining a demurrer to a good special answer, when the facts pleaded can be shown under the general denial already in, is not available error, but it is otherwise where the court overrules a demurrer to a bad answer. Such error is fatal.

From the Montgomery Circuit Court.

*T. E. Ballard* and *E. E. Ballard,* for appellant.

*T. F. Davidson,* for appellee.

McBRIDE, J.—The appellant brought suit to quiet her title to a tract of land in Montgomery county, alleging in her complaint that she was the owner of the same in fee simple, and that the appellee claimed an interest therein adverse to her rights, which claim, it was alleged, was without right and unfounded, and cast a cloud upon her title. Appellee answered by general denial, and by a special answer, alleging, in substance, that in the year 1873 Thomas H. Messick, appellant's husband, owned the land in controversy, and that the Anderson, Lebanon, and St. Louis Railroad Company, a corporation organized under the laws of this State, was at the time engaged in constructing a line of railroad, and had located the same upon and

across said land; and that with the express leave and license of said Thomas H. Messick they entered upon and appropriated a strip of land one hundred feet wide, being the same land in controversy in this action; that said Messick was, at the time, a director of said corporation, which thereupon proceeded to, and did, grade its said railroad across said land, and about the year 1874 completed said grade, expending thereon the sum of $5,000, and had said grade completed ready for the laying of ties and rails thereon, forming a plainly visible roadway, fit only for railroad purposes, and forming a necessary part of a continuous grade extending for many miles in both directions, and that all was done with the knowledge and consent of said Messick. The answer further avers that said corporation thereafter borrowed money to finish and equip its said road, and to secure said loan mortgaged all of its property; and shows that the appellee succeeded to its rights by purchase at judicial sale under foreclosure of said mortgage. It is also alleged that appellant acquired her title through a judicial sale of the rights of said Thomas H. Messick in said land. The answer alleges that appellee's rights were acquired in April, 1885, and that it has, since said time, entered upon said premises, restored said grade, and laid down thereon railroad ties and iron, and has now a complete railroad thereon, on which it has, with the knowledge of appellant, expended large sums of money.

The court overruled a demurrer to this answer, and this presents the first question in the record.

Appellant insists that this answer shows that said Anderson, Lebanon, and St. Louis Railroad Company acquired, at most, a mere naked parol license to enter upon said premises, revocable at the pleasure of the licensor, and which was terminated by the conveyance of the title of said Thomas H. Messick.

In this they are wrong. A naked parol license to enjoy an easement over land is revocable by the licensor at any time while it remains executory. An executed parol license

to use another's land, granted upon a consideration, or upon the faith of which money has been expended, can not be revoked.

If the licensee, relying upon the grant, enters upon the premises and expends ,considerable sums of money thereon, with the knowledge of the owner of the premises, such license can not be revoked. *Buchanan* v. *Logansport, etc., R. W. Co.,* 71 Ind. 265; *Lane* v. *Miller,* 27 Ind. 534; *Snowden* v. *Wilas,* 19 Ind. 10; *Stephens* v. *Benson,* 19 Ind. 367; *Evansville, etc., R. R. Co.* v. *Nye,* 113 Ind. 223; *Midland R. W. Co.* v. *Smith,* 113 Ind. 233.

If this answer had been filed as a partial answer as to the easement claimed by appellee only, it would have been good; but it is filed as a full answer to the entire cause of action, and unless it is sufficient to bar the entire cause of action it is bad. *Mark* v. *Murphy,* 76 Ind. 534; *McLead* v. *Ætna L. Ins. Co.,* 107 Ind. 394; *Farman* v. *Chamberlain,* 74 Ind. 82; *Robbins* v. *Magee,* 76 Ind. 381; *Pouder* v. *Tate,* 76 Ind. 1; *Franklin L. Ins. Co.* v. *Dehority,* 89 Ind. 347.

If appellant has any title in the land, she is entitled in this action to have it quieted. If she owns the fee, she is entitled to have her title to the fee quieted. If appellee has a valid easement, she is entitled to have her title to the fee quieted, subject to such easement. This answer contains no denial of her ownership of the fee, and counsel for appellee says: " It is true that the ownership of the fee in appellant was not denied, but she was not entitled to have her interest in the fee quieted as against one who made no claim to it." If the appellee had filed a disclaimer as to the fee, or if it had limited its special answer to the easement it claims, there would be some force in this; but when it files its answer, which upon its face purports to be a full answer to the entire complaint, it can not be said it was making no claim to the fee. A disclaimer of this character, which is found in the record for the first time, when it appears in the brief of counsel on appeal to this court, comes too late. It must

be remembered that we are considering the question only as it is presented by the pleading. No answer was necessary but the general denial, as under that answer in this class of actions all defenses, whether partial or complete, may be shown. In such a case, sustaining a demurrer to a good special answer would not be available error; but overruling a demurrer to a bad answer is error for which the case must be reversed. *Abdil* v. *Abdil*, 33 Ind. 460 ; *Over* v. *Shannon*, 75 Ind. 352; *McComas* v. *Haas*, 93 Ind. 276 ; *Epperson* v. *Hostetter*, 95 Ind. 583; *Sims* v. *City of Frankfort*, 79 Ind. 446 ; *Weir* v. *State, ex rel.*, 96 Ind. 311 ; *Thompson* v. *Lowe*, 111 Ind. 272.

Several other questions are presented by the record, but as they may not arise on another trial of the cause we will notice only one of them. At the conclusion of the evidence the appellant presented to the court, and asked to have given to the jury, several special instructions, but the court refused all of them, and at the request of the appellee gave to the jury the following instruction, and no other: " The plaintiff has failed to make a case entitling her to recover in this action, and you will, therefore, find for the defendant." The jury did so find.

A material question in the case was whether or not appellee had a valid easement in the land in controversy. This depended upon whether the entry upon said land, and construction of said railroad, were with knowledge and consent of the then owner, Thomas H. Messick. If the entry was against his will, and over his objection and protest, and was not acquiesced in by him, those entering were trespassers, and could not acquire a valid easement. Thomas H. Messick was a witness, and denied that the entry was with his consent, and testified that he objected to and protested against it. There was sufficient testimony to entitle appellant to have the question passed upon by the jury. The evidence showed, without conflict or contradiction, that Mrs. Messick owned the fee in the land. The appellee, not disputing this, insisted

that it was the possessor of a valid easement, and the burden was on it to establish that fact. The testimony being conflicting, it was a clear invasion of the province of the jury to take the question from them and direct a verdict. If there is any conflicting evidence, however slight, upon the point in issue, it must be left to the jury. *Adams* v. *Kennedy*, 90 Ind. 318. *Boling* v. *Howell*, 93 Ind. 329 ; *Lawrenceburgh, etc., R. R. Co.* v. *Montgomery*, 7 Ind. 474 ; *Haynes* v. *Thomas*, 7 Ind. 38 ; *Crookshank* v. *Kellogg*, 8 Blackf. 256 ; *Babcock* v. *Doe*, 8 Ind. 110.

The fact that said Thomas H. Messick was a director in said corporation can make no difference. A corporation may, by its agents, commit a trespass upon the lands of one of its directors as well as upon the lands of any other person. The fact that Messick was a director and officer might have been considered by the jury in connection with other evidence in determining whether the entry upon the land was with his knowledge, and was acquiesced in by him, or was without his knowledge, and the grading thereon done over his objection and protest, as claimed by appellant ; but the evidence upon that point, conflicting as it did, the court erred in directing the verdict.

The judgment is reversed, at appellee's costs.

Filed April 11, 1891.