WILLIAM M. GILMORE, APPELLANT, v. WILSON M.
ARMSTRONG, APPELLEE.

FILED APRIL 10, 1896.    No. 6403.

1. **Easement: PAROL GRANT: STATUTE OF FRAUDS.** A court of equity
   will give effect to a parol grant of an easement where there has
   been a valid consideration, where the grant is certain in its terms,
   and where there has been such a performance on the part of the
   grantee as would, in the case of a contract for the sale of the fee,
   take the case out of the statute of frauds.

2. ———: ———: **DRAINAGE: DAMS: INJUNCTION.** A and B, proprietors
   of adjoining lands, agreed that a dam should be constructed across
   a draw, where the draw crossed the division line, and that a ditch
   should be constructed along the division line to carry off the
   water. The object was to better drain the lands of both proprie-
   tors. Both took part in locating the dam and the ditch, and both
   contributed to their construction, but by mistake as to the location
   of the division line, the ditch did not follow it but lay mostly on
   the land of A, but partly on that of B. The dam and ditch were
   so maintained for seven years. *Held,* That an injunction should
   not be granted to restrain B from further maintaining the dam
   and ditch.

APPEAL from the district court of Jefferson county.
Heard below before BABCOCK, J.

The facts are stated by the commissioner.

*Letton & Hinshaw,* for appellant:

A right of drainage through the lands of another is an

easement requiring for its enjoyment an interest in lands which cannot be conferred by parol. (2 Washburn, Real Property [3d ed.], p. 279; *Snowden v. Wilas*, 19 Ind., 13; *Wiseman v. Lucksinger*, 84 N. Y., 31; *Cronkhite v. Cronkhite*, 94 N. Y., 323; *Croasdale v. Lanigan*, 129 N. Y., 604; *Polson v. Ingram*, 22 S. Car., 541; *Morse v. Copeland*, 2 Gray [Mass.], 302.)

No license was ever granted to defendant to perform the acts complained of; but conceding that a parol license was granted as asserted, such license was revocable and has been revoked. (*Johnson v. Skillman*, 29 Minn., 95; *Mumford v. Whitney*, 15 Wend. [N. Y.], 381; *Selden v. Delaware & Hudson Canal Co.*, 29 N. Y., 639; *Wilson v. St. Paul, M. & M. R. Co.*, 41 Minn., 56; *Houston v. Laffee*, 46 N. H., 505; *Dodge v. McClintock*, 47 N. H., 386.)

*John Heasty* and *S. N. Lindley, contra:*

The statute of frauds has no application to a contract which has been fully performed. (Chitty, Contracts [6th Am. ed.], 68; *Stone v. Dennison*, 13 Pick. [Mass.], 1; *Shaw v. Woodcock*, 7 Barn. & Cr. [Eng.], 73; *Hess v. Fox*, 10 Wend. [N. Y.], 436.)

Where a contract for the sale of land, which when made was within the statute of frauds and might have been avoided thereby, has been fully executed, the statute of frauds is no defense. (*Talmadge v. East River Bank*, 26 N. Y., 105; 3 Wait, Actions and Defenses, 202.)

The license is a completed contract, and irrevocable by one of the parties. (*Vannest v. Fleming*, 18 Am. St. Rep. [Ia.], 387; *Lacy v. Arnett*, 33 Pa. St., 169; *Stephens v. Benson*, 19 Ind., 367; *Beatty v. Gregory*, 17 Ia., 109; *Wynn v. Garland*, 19 Ark., 23; *Russell v. Hubbard*, 59 Ill., 335; *Rawson v. Bell*, 46 Ga., 19; *City of San Francisco v. Canvan*, 42 Cal., 543; *Livingston v. McDonald*, 21 Ia., 163.)

IRVINE, C.

The appellant brought this action against the appellee to restrain the latter from maintaining a certain dam

and ditch, which he alleged diverted a water-course which would otherwise drain plaintiff's land and pass across the land of the defendant, in such manner as to throw the water back upon plaintiff's land to its damage. The defendant, by answer, pleaded that the dam and ditch had been constructed under an agreement between the parties to that effect, and had been their joint work; that plaintiff had wrongfully obstructed the ditch, and defendant therefore prayed for an injunction restraining the plaintiff from further obstructing it. The district court found for the defendant, denied the plaintiff the relief he sought, and also denied relief to the defendant, on the ground that there was no evidence of an intention on the part of plaintiff to further obstruct the ditch. The plaintiff appeals, and the defendant also, in his brief, asks that the decree be modified so as to grant him the relief prayed in his answer.

While the evidence on some points is in conflict, there is sufficient competent evidence tending to show the following state of facts: The plaintiff is the owner of the northwest quarter of a certain section. The defendant is the owner of the west half of the northeast quarter, and the plaintiff is the owner of the northeast quarter of the northeast quarter. The defendant's land, therefore, lies between two tracts belonging to the plaintiff. A draw, which for the purposes of this case we assume to be a natural water-course, takes its rise some place near plaintiff's south line, and crosses to defendant's land about 900 feet north of the center of the section. The northern part of the section is bottom land adjoining the Little Blue river. The water collected in this draw formerly passed across defendant's land and poured out upon the bottom land in the northeast quarter of the northeast quarter belonging to the plaintiff; and was a serious inconvenience to both parties. By parol agreement between the parties a dam was constructed at the point where the draw crossed the line between the northeast and northwest quarters; and a ditch was constructed

from the western end of the dam almost north so as to discharge the water at a point near this line, instead of upon the northeast quarter of the northeast quarter of the section.   It seems that this has the effect of overflowing in wet seasons a portion of Gilmore's land in the northeast part of the northwest quarter, while it relieves the northeast quarter of the northeast quarter and Armstrong's farm of an excess of water.   It also appears that it was the intention of the parties to construct the ditch along the line between the two quarter sections;  and that it was staked off by both parties;  and the work, both upon the dam and the ditch, was contributed to by both parties, but was chiefly done by the defendant.  A survey, however, disclosed that their intention of keeping the ditch upon the division line was not carried out, but that the greater part of its course was by mistake laid upon the land of Gilmore.  Assuming these facts as established by the findings of the court, notwithstanding the conflicting evidence, the question presented is whether or not the construction of the dam and ditch under the parol agreement referred to is a defense to the action;  because, in the absence of such agreement, it is clear that the plaintiff would be entitled to relief against such a diversion of the waters. (*Davis v. Londgreen,* 8 Neb., 43; *Fremont, E. & M. V. R. Co. v. Marley,* 25 Neb., 138; *Jacobson v. Van Boening,* 48 Neb., 80, and cases there cited.)

The appellant contends that the agreement referred to, if proved, would establish an easement, and therefore must be proved either by grant, which in this state means by written deed, or by prescription, neither of which is pleaded or proved; and further, that if it be treated as a license, which may be established by parol, it was one which was revocable at the will of the licensor, and had been revoked.   There are certain cases which support this contention, but they lose sight of two principles. The first is that a license upon sufficient consideration, carried into execution by the incurring of expense by the

licensee, is usually not revocable. The other is that in a court of equity part performance is frequently sufficient to take the case out of the statute of frauds. These principles have been frequently recognized in similar cases; and we refer especially to the elaborate and carefully considered opinion of Justice Hanly in *Wynn v. Garland*, 19 Ark., 23. Other cases recognizing the principle are *Snowden v. Wilas*, 19 Ind., 10; *Stephens v. Benson*, 19 Ind., 367; *Wiseman v. Lucksinger*, 84 N. Y., 31; *Lacy v. Arnett*, 33 Pa. St., 169; *Cronkhite v. Cronkhite*, 94 N. Y., 323; *Johnson v. Skillman*, 29 Minn., 95. As said by Judge Dillon in a similar case (*Beatty v. Gregory*, 17 Ia., 109), in meeting a similar argument as to the power to revoke such license, "It would be a shame and reproach to the law if this could be done." The cases we have cited, while differing as to the requirements in the way of part performance, which are necessary to take the case out of the statute of frauds, all recognize the doctrine that a parol grant of an easement is, in equity, out of the statute, when the circumstances are such that a contract for the conveyance of the fee would be taken out of it. In this case the evidence tends to show that the dam and ditch were constructed principally at defendant's expense, along defined and ascertained lines fixed by the parties, chiefly on plaintiff's land, but partly on defendant's and with the purpose of benefiting both parties. They had been maintained for about seven years before this suit was brought, and we think, under the circumstances, the contract is clearly one which a court of equity will enforce. Much more will it refuse affirmative relief to the party who seeks to disregard it.

As to the cross-appeal, we think the action of the district court was justified by the evidence. The finding is such that the decree refusing defendant an injunction would be no bar to an action for a similar purpose if plaintiff should in the future threaten his rights. The decree is, therefore, in all things

AFFIRMED.