## KNOLL ET AL. v. BAKER ET AL.

[No. 4,987. Filed November 29, 1904.].

1. LICENSE.—*Parol.*—*Revocation.*—Where a parol license is given and on the faith thereof money is expended, such license can not be revoked unless the licensee can be placed in *statu quo*, and an executed parol license may become an easement, imposing a servitude upon one estate in favor of another. p. 127.

2. SAME.—*Consideration.*—Where it is shown that the plaintiff paid to the defendants no consideration for a parol license to connect their tile with defendants'; that defendants' tile had its outlet on the land of a third party; that plaintiffs knew of this; that as soon as such third party ascertained that plaintiffs had connected their tile with defendants', such third party cut off said outlet; that one of the plaintiffs then proposed to furnish an outlet over his land, it is sufficiently shown by plaintiffs' connection of their tile with the defendants' was conditional. p. 127.

From Superior Court of Allen County; *O. N. Heaton,* Judge.

Action by John Knoll and another against George Baker and another. From a decree for defendants, the plaintiffs appeal. *Affirmed.*

*R. B. Dreibelbiss,* for appellants.
*S. R. Alden,* for appellees.

ROBINSON, P. J.—Suit to quiet title to an alleged easement or license, and for damages for interfering therewith.

In their complaint appellants aver that they own about eighteen acres of land, described, which lies immediately east of eight acres owned by appellees; that in 1893 appellees invited and gave permission to appellants to tile-drain their lands through appellees' land so long as it might be necessary to drain the same; that in pursuance thereto appellants constructed two tile-drains through their own and appellees' land; that afterwards, in 1901, appellees removed the tiling without appellants' knowledge or consent, filled the ditch and rendered the same useless, whereby appellants' land is rendered unfit for cultivation; that for ten years appellants enjoyed the right to maintain such drain without hindrance on the part of appellees until the time above mentioned.

Appellees answered, in their second paragraph, that in 1893 they gave appellants permission to join tile, to be laid on appellants' land, to each of two tile-drains appellees had theretofore constructed across their own land; that appellees then had a good outlet for their tile-drains, extending a few rods across the lands of one Miller, and with his consent, and emptying into a public ditch; that appellants laid a few rods of tile on their own land, and connected the same with appellees' lines of tile; that thereupon Miller refused to permit appellees to maintain and use the outlet they then had, or any outlet, so long as they permitted appellants to drain into appellees' tile; that thereupon, in 1893, appellants agreed to furnish a better outlet for complete drainage across a tract of land west of and adjoining

appellees' land, on condition that appellees furnish several rods of twelve-inch tile for use in making such outlet; that appellees furnished the tile and some labor, but the drain constructed furnished no outlet for the drainage of appellees' lands and the water turned therein by appellants' tile; that from and after 1893 appellees repeatedly requested appellants to furnish an outlet of the character agreed upon, but they wholly failed so to do, and by reason thereof, and of appellees' loss of the outlet over Miller's land, caused by appellants' connecting their tile with appellees' tile, appellees have no outlet for the surface-water or from appellants' land, whereby a part of their land has been unfit for cultivation; that in 1901 appellees took up a part of their tile next to their east line. The third paragraph of answer alleges that appellees were compelled to give up the only outlet they had for drainage if they permitted appellants to tile into their drain, and that they did give up such outlet and permit such drainage to be made, and continued in consideration of appellants' agreement to furnish a better outlet across the land of one of the appellants on the west of appellees' land in 1893, and that appellants have ever since wholly failed to furnish such outlet, and appellees have ever since remained without any outlet for their tile.

Upon a trial the jury returned a verdict for appellees, and answered interrogatories to the effect that in 1893 appellants, pursuant to permission given by appellees, laid a few rods of tile on their land east of appellees' land, connecting with appellees' lines of tile; that one Miller had given appellees an outlet across his land, but, upon learning that appellants had connected their tile, forbid any further use of the outlet for the use of both appellants and appellees; that the land adjacent to appellees' land on the west was then purchased by one of the appellants; that appellants then notified appellees they would be furnished a better outlet across the land west if Miller persisted in his refusal to allow an outlet for the use of both appellees and

appellants; that appellees agreed to this, and gave some ten or twelve-inch tile and some labor in helping lay tile across the land west, and closed the outlet across Miller's land. Facts are found that the tile was laid across the land to the west as planned by one of the appellants, but in such a way that it did not furnish an outlet for the tile on appellees' land; that repeatedly from 1893 to 1900 appellees have requested appellants to perform their agreement and furnish an outlet for the drainage; that since giving up the outlet on the Miller land the waters from appellants' land and that falling on appellees' land collect on the low ground of appellees, and prevent the raising of crops thereon; that appellants gave appellees nothing for permission to connect the tile; and that appellees have received no benefit therefrom.

The first and third errors assigned question the sufficiency of appellees' cross-complaint, but the record shows that before the verdict was returned the cross-complaint was withdrawn.

1. The pleadings and the proof show that the right granted by appellees to appellants was a parol license. It is true that where a parol license is given, and upon the faith of such license money is expended by the licensee, the licensor can not revoke the license unless the licensee can be placed *in statu quo,* and that an executed parol license may become an easement, and may impose a servitude upon one estate in favor of another. See *Lane* v. *Miller* (1867), 27 Ind. 534; *Joseph* v. *Wild* (1896), 146 Ind. 249, and cases cited.

2. But in the case at bar the jury find, and there is evidence to support the finding, that appellants gave appellees nothing for permission to connect the tile, and that appellees received no benefit therefrom. Moreover, the license originally given appellants was not the right to drain their land by flowing the water upon lands of appellees, but to connect with a tile upon appellees' land, having an outlet

upon the land of a third person. Had appellants paid a consideration for the privilege of connecting with the tile under an agreement that appellee should maintain an outlet, a different question would be presented. But there is evidence from which it appears that as soon as Miller learned that appellants had connected with appellees' tile, he refused longer to permit appellees to have an outlet on his land. The appellants were notified of this, and, after they had failed to get Miller to consent to let the outlet remain as it was, they agreed with appellees to provide an outlet at another place across land of their own, which they had purchased on the west of appellees' land. The connection was made with appellees' tile in the spring of 1893, and in May of that year it appears that this subsequent agreement was made by which appellants were to provide an outlet to the west. While the record does not disclose that the license to connect with appellees' tile was originally given upon the condition that Miller would still permit appellees to maintain an outlet on his land, yet we think it fairly appears from the conduct of appellants soon after they had connected their tile with that of appellees, that their right to enjoy the license was conditional. Upon the evidence, we think the judgment is right. See *Shirley* v. *Crabb* (1894), 138 Ind. 200, 46 Am. St. 376.

Judgment affirmed.