## CRANOR ET AL. *v.* LAKE ERIE AND WESTERN RAILROAD COMPANY ET AL.

[No. 11,967. Filed October 7, 1925.]

1. RAILROADS.—*License to maintain and use tracks held irrevocable.*—Where a railroad company, under a parol agreement with the owner of land, constructed and maintained tracks thereon and continuously operated trains thereover for more than thirty years, its license to use said land for railroad purposes became irrevocable. p. 454.

2. RAILROADS.—*Rails and other property used in constructing railroad do not become part of realty and may be removed.*— Where the occupation of land by a railroad company for a right of way is not illegal, the rails and other property used in constructing a railroad track thereon do not become a part of the realty, and, on the abandonment of the right of way, it has a reasonable time in which to remove the same. p. 454.

3. RAILROADS.—*Railway company may remove rails and other property from right of way after abandonment for term of years.*—The fact that the owner of the land over which a railroad was constructed and maintained has been permitted to take possession of the right of way and hold it for a term of years less than is required to extinguish the company's easement does not preclude it from entering on the land and removing the rails and other property composing the track. p. 454.

4. RAILROADS.—*Railroad company constructing tracks over land of another under written contract limiting its occupation to five years was mere licensee, with right to remove tracks there-*

*after.*—Where a railroad company constructed tracks over the land of another under a written contract limiting the time the real estate was to be occupied by such tracks to five years, it was a mere licensee, with knowledge that its right to use the land expired at the end of the five year period, but with the right to remove such tracks within a reasonable time after the expiration of such period. p. 455.

5. RAILROADS.—*Railroad company held to have acquired no easement by constructing tracks and continuing to use them after expiration of period limited by contract.*—Where a railroad company constructed tracks over the land of another under contract limiting the time that the real estate was to be occupied by such tracks to five years, it did not acquire an easement therein, and failing to secure an extension of the time or additional right therein, it could not acquire an easement for a right of way by continuing in the use and occupation of the tracks for a period less than that for acquiring such easement by prescription. p. 456.

From Delaware Superior Court; *Robert F. Murray,* Judge.

Suit by the Lake Erie and Western Railroad Company against Clifton Cranor and others, in which the Ft. Wayne, Cincinnati and Louisville Railroad Company joined as plaintiff. From a judgment for plaintiffs, the defendants appeal. *Reversed in part, affirmed in part.* By the court in banc.

*Frederick F. McClellan, Donald D. Hensel* and *Leonidas A. Guthrie,* for appellants.

*John B. Cockrum* and *Silverburg, Bracken & Gray,* for appellees.

REMY, C. J.—This suit was originally commenced by appellee Lake Erie and Western Railroad Company against appellants for injunction and damages. It was averred in the complaint, which was in a single paragraph, that plaintiff was the owner of eight certain railroad tracks located on, and of easements for, certain railroad rights of way in, certain described real estate in the city of Muncie, the railroad tracks being particularly described as tracks numbered 1, 2, 3, 4, 5, 6, 7, and

a track described as the dead rail track; that defendants, appellants herein, were unlawfully tearing up all of these tracks, and destroying the rights of way. A temporary restraining order was granted, after which, by leave of court, appellee Ft. Wayne, Cincinnati and Louisville Railroad Company was made a party plaintiff, and the two railroad companies, as coplaintiffs, filed two additional paragraphs of complaint. It is averred in the second and third paragraphs that appellee Ft. Wayne, Cincinnati and Louisville Railroad Company is the owner of the rights of way and the tracks, and that appellee Lake Erie and Western Railroad Company is in possession of the tracks, and is operating all trains thereon. Demurrers to the several paragraphs of complaint having been overruled, the defendants, appellants herein, filed an answer in three paragraphs: (1) Denial; (2) that appellants had purchased the real estate for a valuable consideration without notice of plaintiffs' claims; and, (3) that plaintiffs, and each of them, had abandoned any claim or claims they might have had. Defendants also filed a cross-complaint to quiet title. Demurrers to the second and third paragraphs of answer were overruled, and the issues were closed by replies in denial to the affirmative paragraphs of answer, and answer in denial to the cross-complaint.

Upon request of parties, the court found the facts specially, and stated its conclusions of law thereon.

The substance of the facts found, omitting those not necessary to the determination of the questions presented by this appeal, are: In the year 1888, the real estate in question, consisting of fifty contiguous lots in a subdivision of a certain addition to the city of Muncie, became the property of the Greencastle Nail Company, which company continued to own the same until December 30, 1890, and that continuously from 1888 to 1918,

when it was purchased by appellants, the real estate was owned and occupied by manufacturing concerns. At the time appellants purchased the real estate, there were located thereon, and in the streets and alleys adjacent thereto, eight railroad tracks known as tracks numbered 1, 2, 3, 4, 5, 6, 7, and the dead rail track. All were constructed and maintained solely for the purpose of serving manufacturing plants located on the real estate. In the year 1889, pursuant to a verbal agreement with the Greencastle Nail Company, appellee Lake Erie and Western Railroad Company entered upon the land and constructed the tracks numbered 1, 2 and 3, which tracks were in continuous use by appellee Lake Erie and Western Railroad Company, and by it in conjunction with appellee Ft. Wayne, Cincinnati and Louisville Railroad Company, for a period of thirty years, of which continuous use, appellants had notice at the time the land was purchased by them. During the period from 1902 to 1905, pursuant to certain written contracts with the then owners of the real estate, appellee Ft. Wayne, Cincinnati and Louisville Railroad Company entered upon the real estate and constructed tracks 4, 5, 6, 7 and the dead rail track, it being stipulated in the contracts that the rights of way over and upon the land were limited to a period of five years, the title to the ties, rails and other property composing the tracks to remain in the railroad company. · As to these contracts, which were not recorded, appellants had notice at the time they purchased the land. In 1910, all the manufacturing plants then standing on the real estate were dismantled; since which time no manufacturing has there been carried on, and since that time, no use has been made by appellee railroads of any of the tracks except tracks 3 and 4 and that part of track 2 which lies south of the south line of a city street named and known as Seventh street.

At the time of the commencement of this suit, May 7, 1918, appellants 'had already torn up and removed to other parts of the premises all of the tracks except 3 and 4 and that part of 2 lying south of Seventh street.

By its conclusions of law, the trial court held: (1) Appellees were the owners and entitled to possession of the rails, ties and other property composing each of the tracks; (2) appellees were the owners of an easement for right of way over and across that part of the real estate, and the streets and alleys adjacent thereto, which is occupied by tracks 3 and 4 and that part of 2 lying south of the south line of Seventh street; (3) appellants were the owners of the fee of all the real estate, and upon their cross-complaint were entitled to have their title thereto quieted, subject to appellees' easement for a right of way for tracks 3 and 4 and that part of 2 found to be still in use; and, (4) appellees were enjoined from tearing up tracks 3 and 4 and that part of track 2 which remained, and enjoined from selling, or in any way disposing of, the rails, ties and other materials taken from the tracks they had torn up.

From a judgment in accordance with the court's conclusions of law, appellants prosecute this appeal. Exceptions to the conclusion of law present the only questions which it will be necessary to consider.

The questions for consideration are as to appellees' right to an easement in the land for railroad rights of way, and as to the ownership of the rails, ties and other property of the eight railroad tracks.

It is urged by appellants that, under the facts found, the court erred: (1) in holding that appellees have an easement for a right of way for tracks 3 and 4 and that part of track 2 remaining, and (2) in holding that the ownership of all the rails and other property taken from the tracks torn up is in appellees.

Appellants contend that the facts show appellees to have entered upon the land and constructed the tracks as mere licensees, and that the licenses were revoked, leaving appellees without any rights of way over, and no interest in, the land; also that since the facts show an abandonment of the tracks torn up, the rails and other materials which composed the tracks were forfeited to appellants.

In considering the question, we must bear in mind that the rights of appellees as to tracks 1, 2 and 3 were not acquired at the same time, nor in the same manner, as those of the other five tracks. As found by the court, appellee Lake Erie and Western Railroad Company, pursuant to a parol agreement with the Greencastle Nail Company, owner of the land at the time, entered upon the land, and by the expenditure of a large sum of money constructed tracks 1, 2 and 3, which tracks, following their construction, were used continuously for more than thirty years in giving railroad service to the Greencastle Nail Company and other manufacturing concerns which located on the land. The original agreement under which the Lake Erie and Western Railroad Company entered upon the land and constructed the three tracks was, of course, but a mere parol license. However, when the railroad company, under the circumstances as found by the court, constructed and maintained the tracks at a large outlay of money, and for more than thirty years operated trains thereon, the license became irrevocable. *Messick* v. *Midland Railway Co.* (1891), 128 Ind. 81, 27 N. E. 419; *Nowlin* v. *Whipple* (1881), 79 Ind. 481; *Knoll* v. *Baker* (1904), 34 Ind. App. 124, 72 N. E. 480. Inasmuch as track 3 and that part of track 2 lying south of the south line of Seventh street have been at all times since their construction, and now are, in general use by appellees, the court correctly held that appellees were

the owners of an easement for a right of way over that part of the real estate, and over the streets and alleys adjacent thereto, occupied by track 3 and the remaining part of track 2. Appellees having abandoned track 1 and that part of track 2 lying north of the south line of Seventh street, the same not having been in use from 1912 to 1918, when this suit was commenced, the court rightly held that the rails, ties and other property of which those tracks were composed, when torn up by appellants, were the property of appellees; for the law is well settled that where the occupation of land by a railroad company for a right of way is not illegal, its rails and other property used in constructing its track do not become a part of the realty, the railroad company upon abandonment of its right of way having a reasonable time in which to remove the same; and the fact that the owner of the servient estate has been permitted to take possession of the land embracing the right of way, and hold it for a term of years less than is required to extinguish the company's easement does not imply relinquishment by the company of its right to enter upon the land and remove its rails and other property which had composed its track. *Hatton* v. *Kansas City, etc., R. Co.* (1913), 253 Mo. 660, 162 S. W. 227; *McNair* v. *Rochester, etc., R. Co.* (1891), 59 Hun. 627, 14 N. Y. Supp. 39; *Wagner* v. *Cleveland, etc., R. Co.* (1872), 22 Ohio St. 563, 10 Am. Rep. 770.

As found by the court, the tracks other than the first three, were constructed pursuant to a written contract which limited the time the real estate was to be occupied by such tracks to a period of five years, and provided that the ownership of the property used in the construction of tracks should remain in the railroad company. Clearly, this contract, though in writing, created a mere license; and any money expended in putting in these tracks was with knowledge

that the rights of the licensee were to terminate, as they did, at the end of the five year period. Under that contract, the rails, ties and other property of each of the five tracks constructed pursuant to its terms were, at all times, and now are, the property of the licensee, and the court correctly so held.

The trial court held that appellees were the owners of an easement for a right of way over that part of the real estate, and the streets and alleys adjacent thereto, occupied by track 4, and enjoined appellants from removing that track. This was error. The right of way for track four was acquired by the written contract, by the terms of which the use of the lands for such right of way was limited to a period of five years. The five year period had expired, and the right of appellees to a further use of the way had not been procured by any express contract, written or otherwise; nor had sufficient time elapsed for the acquirement by appellees of an easement by prescription.

The fee of the real estate is in appellants, subject to an easement for a railroad right of way over that part occupied by tracks 3 and that part of 2 remaining.

Judgment reversed, with instructions to the trial court to restate its conclusions of law in accordance with this opinion, and to render judgment accordingly.