ALICE A. BROWN, APPELLEE, V. EVERETT L. STORY ET AL., APPELLANTS.

276 N. W. 155

FILED NOVEMBER 19, 1937. No. 30094.

*Sterling F. Mutz* and *Robert S. Stauffer,* for appellants.

*Burkett, Wilson & Van Kirk, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and KROGER, District Judge.

ROSE, J.

This is a suit in equity for an injunction preventing the obstruction of a driveway for motor vehicles between an apartment-house lot owned by plaintiff and an adjoining residence lot owned by defendants in the city of Lincoln.

The district court granted the injunction and defendants appealed to the supreme court.

These lots extend north and south with the front ends on paved G street which runs east and west. Plaintiff, Alice A. Brown, owns at 1432 G street the south 125 feet of lot 11, block 151, Lincoln, on which her apartment-house is situated. Everett L. Story and Sadie Story, defendants, own, adjoining on the west, at 1428 G street, 33 feet of lot 10, block 151, Lincoln, on which their dwelling-house is situated. There is no access to or egress from the rear of these lots by motor vehicle, if there is no driveway between the two houses, there being no alley at the north end of the lots or other outlet.

These facts are conclusively established by the record. In addition, plaintiff pleaded in her petition and proved that she and Samuel P. Story, a former owner of defendants' lot, entered into an oral contract prior to August 26, 1927, for an 8-foot easement on the lot line for a party driveway occupying 4 feet on each side; that, pursuant thereto, the contracting parties procured a city permit to cut the concrete curb on the north side of G street; that they did so and jointly constructed a cement approach on the lot line from the paved street to the public sidewalk running east and west in front of the lots; that each party paid approximately half the cost of the approach; that a cinder driveway on both sides of the lot line extended to the rear of the houses and was kept in repair by the lot owners; that plaintiff constructed on the north end of her lot three garages in 1927; that the driveway and garages were continuously used by plaintiff and her tenants until defendants, over her protest, constructed a wire fence on the lot line May 23, 1935. These alleged facts were proved at the trial by uncontradicted evidence. The trial judge heard the witnesses, viewed the premises and found the issues in favor of plaintiff. All owners of both lots from 1927 until 1935 knew of, recognized and used the easement created by the oral, mutual agreement of 1927. By mesne transfers from Samuel P. Story, Everett L. Story, defend-

ant, acquired title to his lot. Each lot owner used for a driveway approximately 4 feet of the other's lot and had the benefit of the easement. Everett L. Story, at the time of the trial, was still using the joint approach to his premises and a portion of the lot owned by plaintiff, while excluding her from the 4-foot strip on his own side of the lot line, and so admitted on the witness-stand.

The substance of the defenses interposed are: The contract was not in writing and therefore would be void under the statute of frauds. An easement by adverse user was not created, because the statutory period of 10 years had not elapsed at the time the driveway was obstructed. Plaintiff's use of the 4-foot strip on the east side of defendants' lot was permissive and was revocable at the will of defendants. The permit for a driveway did not ripen into an easement.

The rules of equity and the principles of law applicable to the established facts show that the defenses urged are all without merit, as indicated by the following former rulings:

"A court of equity will give effect to a parol grant of an easement where there has been a valid consideration, where the grant is certain in its terms, and where there has been such a performance on the part of the grantee as would, in the case of a contract for the sale of the fee, take the case out of the statute of frauds." *Gilmore v. Armstrong,* 48 Neb. 92, 66 N. W. 998.

"Adjoining lot owners in a city may, by grant, impose mutual and corresponding restrictions and conditions upon the land owned by each, the mutuality of the covenant in such case being a sufficient consideration for the respective grants.

"Mutual covenants imposing such rights or restrictions will be construed as the grant of reciprocal easements which may, when the remedy at law is insufficient, be enforced and protected by a court of equity." *Barr v. Lamaster,* 48 Neb. 114, 66 N. W. 1110.

"Where owners of adjoining properties use a strip of

land along their boundary line between their properties as a common driveway, and improvements are constructed with relation thereto, each is estopped from disputing the other's right of such way, and such estoppel extends to their grantees, who take with notice of the driveway, although it was not expressly reserved." *Christensen v. Luehrs, ante,* p. 50, 273 N. W. 839.

Conceding that the driveway was obstructed when used seven years only, equity nevertheless has power to protect plaintiff's right to such use, under the circumstances disclosed. The oral agreement was so performed by both parties to it as to take it out of the statute of frauds. *Gilmore v. Armstrong,* 48 Neb. 92, 66 N. W. 998.

The findings on appeal are the same as the findings of the district court.

AFFIRMED.