John J. BELL and Rosemary
Bell, Appellants,

v.

NORTHSIDE FINANCE CORP., Hugue-
nard Corp., Ronald E. Huguenard, Jean
Huguenard, and Gladys Tierney, Appel-
lees.

No. 3–1280A364.

Supreme Court of Indiana.

Sept. 1, 1983.

M. Robert Benson, Ronald E. James, Sowers & Benson, Fort Wayne, for appellants.

David K. Hawk, George Martin, Burt, Blee, Hawk & Sutton, Fort Wayne, for appellee, Northside Finance Corp.

Gary J. Rickner, John F. Lyons, Barrett, Barrett & McNagny, Fort Wayne, for appellee, Huguenard Corp.

Ronald Frybarger, Frybarger & Morrissey, Fort Wayne, for appellees, Ronald E. Huguenard and Jean Huguenard.

Thomas J. Felts, Fort Wayne, for appellee, Gladys Tierney.

GIVAN, Chief Justice.

This cause is before this Court on appellants' Petition for Transfer. Appellants filed suit against appellees for damages to their real property by water, allegedly created by appellees' development of their adjacent property. The trial court granted appellees' Motion for Summary Judgment from which appellants appealed. The Court of Appeals affirmed the trial court in an unpublished memorandum decision. 439 N.E.2d 1212. For the reasons set forth below, we grant appellants' Petition for Transfer, thereby vacating the opinion of the Court of Appeals.

Appellants own a two acre tract of land bordered on the east by Tierney Drive and on the south by forty acres being purchased on a land sale contract by Ronald Huguenard (Huguenard) from Gladys Tierney. Huguenard Corporation (Corp.) and Ronald and Jean Huguenard (the Huguenards) own adjoining tracts of land east of appellants' property, across Tierney Drive. Appellee Northside Finance Corporation (Northside) owns land abutting the property of the Huguenards and the Huguenard Corporation to the north and the forty acre tract being purchased by Ronald Huguenard from Tierney to the east.

In 1975, the Corp. and the Huguenards developed their property by erecting the Huguenard Corporation plant. Catch basins and storm sewers were constructed surrounding the plant to drain the property. The resulting water now flows into a drainage ditch located on the forty acre tract being purchased by Huguenard from Tierney. The water is discharged south of a natural ridge elevation which is substantially higher than the Bells' property to the north and the Huguenard/Tierney tract to the south. Appellants' property is partially in a natural ground depression. While surface water has naturally accumulated, the amount was, before construction, approximately one-quarter of the amount present after development. The rear portion of the residence is flooded, requiring appellants to abandon their residence.

As stated in his findings of fact, the trial court found that:

"8. Since the building has been constructed on the Huguenard Corp.'s property which abuts plaintiffs' property on the east, the Huguenard Corp., also constructed a system of drainage which causes surface water collected on or around the building to be diverted from that land through tile and a culvert to the 40 acre tract south of plaintiffs' land thereby reducing the amount of natural rainfall runoff from Defendants' land on the east onto plaintiffs' land.

"9. The water which has been diverted from on and around the Huguenard Corp.

building onto Ronald E. Huguenard's 40 acre tract south of plaintiffs' land does not add to the natural accumulation of water on plaintiffs' land, there being uncontroverted evidence that the water is being discharged south of a natural elevation which is substantially higher than the land located on either side of this ridge which precludes runoff onto plaintiffs' land."

Appellants claim the trial court erred in granting appellees' Motion for Summary Judgment alleging, *inter alia,* the existence of material issues of fact.

■■■ Summary judgment is controlled by Rule 56(C), Ind.R.Tr.P. If pleadings, depositions, answers to interrogatories, admissions on file and testimony show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, a Motion for Summary Judgment shall be granted. *Woodward Ins., Inc. v. White,* (1982) Ind., 437 N.E.2d 59. The motion should be resolved in favor of the party opposing the Motion for Summary Judgment if there is any doubt as to the existence of a material factual issue. *Woodward Ins., Inc., supra; Klinger v. Caylor,* (1971) 148 Ind.App. 508, 267 N.E.2d 848. The contents of all pleadings, affidavits and testimony are liberally construed in the light most favorable to the non-moving party. *Woodward Ins., Inc., supra.* Summary judgment is not an appropriate vehicle for the resolution of questions of credibility or weight of the evidence, or conflicting inferences which may be drawn from undisputed facts. *English Coal Co., Inc. v. Durcholz,* (1981) Ind.App., 422 N.E.2d 302.

During the hearing, appellant presented testimony that Huguenard had cut a trench through the natural ridge separating appellants' property and appellee Huguenard's forty acre tract. Appellants contend water in the drainage ditch flowed onto their property. Thus, appellants' property, once accumulating some surface water, was flooded to the extent of being inundated.

■■ In *Argyelan v. Haviland,* (1982) Ind., 435 N.E.2d 973, this Court adhered to the "common enemy doctrine" with regard to surface water. Any alteration in the elevation or grade in appellees' property to combat surface water is not grounds for appellants' recovery for damages to his property. However, *Argyelan, supra,* recognizes an exception to the common enemy doctrine.

"Although Indiana doubtlessly would not permit a malicious or wanton employment of one's drainage rights under the common enemy doctrine, it appears that the only limitation upon such rights that we have thus far judicially recognized is that one may not collect or concentrate surface water and cast it, in a body, upon his neighbor."

Thus, the determination of whether such a trench cut through the natural ridge separating the parties' properties in fact existed causing water drained from appellee Huguenard's land into the ditch south of the ridge to flood plaintiffs' land is a genuine, material factual issue. Under the standards set forth above, summary judgment is precluded. The factual determination of the existence of the trench is the foundation for the application of the law and its exception as stated in *Argyelan.*

■■ Appellants claim a tile conduit which previously drained the natural depression was cut and filled by Northside during the development of Centennial Industrial Park and by the Huguenards. Appellees argue this allegation was raised for the first time on appeal and is therefore waived.

The record reveals appellants' witness specifically testified during the hearing as to the obstruction of the conduit. In "Plaintiffs' Memorandum" in opposition to the defendants' Motion for Summary judgment, the appellants stated:

"The evidence reflected that on the property to the rear of plaintiffs' property, there was an artificial underground drain or tile to carry the water away and that this artificial underground tile went across the Northside property but has

been excavated and obstructed by Northside and Huguenard. Northside and Huguenard had a duty not to obstruct this artificial, underground drain. *See* 78 Am.Jur.2d Waters, § 362."

The issue was additionally preserved in the Motion to Correct Errors. The trial court did not address the issue in his findings of fact and conclusions of law. While not stated in his complaint, the issue was raised during the hearing on the Motion for Summary Judgment.

Trial Rule 15(B), Ind.R.Tr.P. states:

"(B) Amendments to conform to the evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Testimony was elicited regarding a four inch drainage tile installed by appellants encircling their home and running across the Corp.'s property and into Northside's property. The witness described the tile system when demonstrating the water flow in 1956 from the City of Fort Wayne's Aerial Photographs. Thus, we decline to accept appellees' defense of waiver.

■ "[T]he owner of land, by collecting into artificial channels the surface water or superficial drainage there flowing, and discharging such accumulations upon or across the land of an adjoining owner adversely for a sufficient length of time, may acquire an easement in such adjacent land for the continuance of such discharge." *Clay v. Pittsburgh, C., C. & St. L. Ry. Co.,* (1905) 164 Ind. 439, 445, 73 N.E. 904, 906. Although a mere permissive use does not create an easement, use which appears to have been adverse, under a claim of right, exclusive, continuous, uninterrupted with knowledge and acquiescence of the owner of the land over which an easement is claimed may create one. *Clay, supra.*

In *Walley v. Wiley,* (1914) 56 Ind.App. 171, 177, 104 N.E. 318, 320, the Appellate Court of Indiana stated:

"Our courts have repeatedly held that where one has enjoyed an easement over the lands of another with his knowledge, and without any objection and without any agreement between the parties with reference thereto, and such adverse enjoyment has continued for more than twenty years, it will ripen into a title which can not thereafter be successfully disputed, and as was said by Monks, J., in the case of *Mitchell v. Bain* (1895), 142 Ind. 604, 42 N.E. 230. 'Such enjoyment without explanation how it begun is presumed to have been in pursuance of a grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence, or special contract, inconsistent with a claim of right by the other party.' Thus, though one party has proved a paper title, the other party need only prove twenty years' open, continuous, adverse user, in order to raise the presumption that his user began under a claim of right."

Moreover, " . . . where a parol license is given, and upon the faith of such license, money is expended by the licensee, the licensor can not revoke the license unless the licensee can be placed *in statu quo,* and may impose a servitude upon one estate in favor of another." *Knoll v. Baker,* (1904) 34 Ind. App. 124, 127, 72 N.E. 480, 481.

Thus, a material factual issue regarding the existence or creation of an easement across appellees' land was presented during the hearing on the Motion for Summary Judgment and preserved for appellate review. The grant of appellees' motion was erroneous.

The Court of Appeals' opinion is vacated. The trial court's order granting summary judgment is vacated. The cause is remanded with instructions to set the cause for trial.

All Justices concur.